## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

ANDREW RUSSELL,

      *Plaintiff*,

v .

Lockheed Martin Corp., *and* John Doe, Inc.

      *Defendants*.

**1:23-cv-25-WAL-EAH**

**ACTION FOR DAMAGES**

**Jury Trial Demanded**

### LOCKHEED MARTIN'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Lockheed Martin Corporation ("Lockheed Martin") responds as follows to the correspondingly numbered paragraphs set forth in Plaintiff's Complaint:

### PARTIES, JURISDICTION, AND VENUE

1.    Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies those allegations.

2.    Lockheed Martin admits that it is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Maryland and that it is successor-in-interest to Martin Marietta Corporation, Martin Marietta Aluminum Properties, Inc., Martin Marietta Aluminum, Inc., and Martin Marietta Alumina, Inc.  Lockheed Corporation and Martin Marietta Corporation ("Martin Marietta") consummated a transaction on March 15, 1995, pursuant to which Lockheed and Martin Marietta became a wholly owned subsidiary of a new holding corporation, Lockheed Martin Corporation, incorporated under the laws of Maryland.  In January 1996, Martin Marietta ceased to exist.

1

In 1969, Martin Marietta acquired an 82.7% interest in Harvey Aluminum, Inc., which was incorporated under the laws of California in 1942.  Harvey Alumina, Inc. is a wholly owned subsidiary of Harvey Aluminum, Inc.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc., and Harvey Alumina, Inc.'s name was changed to Martin Marietta Alumina, Inc.  Martin Marietta purchased the remaining stock in Harvey Aluminum on June 27, 1974.  At all times, Martin Marietta Aluminum, Inc. was a subsidiary of Martin Marietta Corporation and Martin Marietta Alumina, Inc. was a wholly owned subsidiary of Martin Marietta Aluminum, Inc. until Martin Marietta Alumina, Inc. was merged into Martin Marietta Aluminum Properties, Inc. on August 1, 1984.  On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc.  Martin Marietta ceased all operations at the St. Croix alumina plant in May 1985.  Martin Marietta sold the St. Croix alumina plant and premises to Virgin Islands Alumina, Inc. ("VIALCO"), a subsidiary of Clarendon, Ltd., on May 15, 1989.  On July 31, 1989, Martin Marietta Aluminum Properties, Inc. was merged into Martin Marietta and ceased to exist.  Martin Marietta Aluminum, Inc., Martin Marietta Alumina, Inc., and Martin Marietta Aluminum Properties, Inc. are referred to collectively throughout this Answer as the "Martin Marietta entities."

The remaining allegations of Paragraph 2 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 2.

3.      This paragraph contains no allegation requiring a response.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies those allegations.

4.      Paragraph 4 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 4.

5.     Paragraph 5 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 5.

### FACTUAL ALLEGATIONS RE: THE PLAINTIFF

6.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and, therefore, denies those allegations.

7.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies those allegations.

8.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies those allegations.

9.     Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time, as well as proper personal protective and respiratory equipment.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies those allegations.

10.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies those allegations.

11.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies those allegations.

12.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies those allegations.

13.     Lockheed Martin denies the allegations of Paragraph 13.

14.     Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought of Paragraph 14 or any other relief.

15.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies those allegations.

16.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies those allegations.

17.     Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 17 or any other relief.

## FACTUAL ALLEGATIONS VIS-À-VIS INDUSTRIAL EXPOSURES

18.     Paragraph 18 contains no allegations against Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Mine Safety and Health Administration and the Occupational Safety and Health Administration regulated and inspected operations at the alumina plant.  Lockheed Martin admits that local and federal governments regulated the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 18.

19.     Paragraph 19 contains no allegations against Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that Martin Marietta conducted air testing at the alumina plant.  Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and, therefore, denies the same.

20.     Paragraph 20 contains no allegations against Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Martin

Marietta entities provided training pursuant to Mine Safety and Health Administration and Occupational Safety and Health Administration regulations, as well as proper personal protective and respiratory equipment.  Lockheed Martin denies the remaining allegations of Paragraph 20.

### FACTUAL ALLEGATIONS VIS-A-VIS THE ALUMINA REFINERY

21.  Lockheed Martin admits that an alumina plant operated during periods within the time frame of Paragraph 21, although the plant was not operational for a period of approximately four years from 1985-1989.  Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and, therefore, denies those allegations.

22.  In 1969, Martin Marietta Corporation acquired an 82.7% interest in Harvey Aluminum, Inc., which was incorporated under the laws of California in 1942.  Harvey Alumina, Inc. was a wholly owned subsidiary of Harvey Aluminum, Inc.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc., and Harvey Alumina, Inc.'s name was changed to Martin Marietta Alumina, Inc.  Martin Marietta purchased the remaining stock in Harvey Aluminum on June 27, 1974.  Lockheed Martin understands that Harvey Alumina, Inc. entered into a long-term contract with Compagnie des Bauxite de Guinée for the purchase and shipment of bauxite ore.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and, therefore, denies those allegations.

23.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.  Lockheed Martin further admits that the St. Croix alumina plant and premises were originally owned by Harvey Alumina Virgin Islands Incorporated from 1966 or 1967 until 1969 when Martin Marietta, Lockheed Martin's predecessor in interest, acquired a majority interest.  In 1972, Martin Marietta changed the name of the plant to

Martin Marietta Alumina, Inc.  On August 1, 1984, Martin Marietta Alumina, Inc. was merged into Martin Marietta Aluminum Properties, Inc.  Martin Marietta ceased all operations at the St. Croix alumina plant in May 1985.  Martin Marietta sold the St. Croix alumina plant and premises to Virgin Islands Alumina, Inc. ("VIALCO"), a subsidiary of Clarendon, Ltd., on May 15, 1989.  On July 31, 1989, Martin Marietta Aluminum Properties, Inc. was merged into Martin Marietta and ceased to exist.  Lockheed Martin denies the remaining allegations of Paragraph 23.

24.     Lockheed Martin admits that Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985.  The St. Croix alumina plant was closed in May 1985.  Martin Marietta Aluminum Properties, Inc. sold the St. Croix alumina plant to VIALCO in 1989.

25.     The allegations of Paragraph 25 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, denies those allegations.

26.     To the extent the allegations of Paragraph 26 are directed against Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies those allegations.  To the extent that the allegations of Paragraph 26 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

27.     Lockheed Martin admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin further admits that bauxite ore is a naturally occurring material that may contain various concentrations of the materials set forth in Paragraph 27.  Lockheed

Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and, therefore, denies those allegations.

28.     Lockheed Martin admits that to produce alumina, bauxite ore is mechanically crushed, and that dusts may be created during that process.  Lockheed Martin denies the remaining allegations of Paragraph 28.

29.     Lockheed Martin admits that caustic soda may be used in the production of alumina. Lockheed Martin denies the remaining allegations of Paragraph 29.

30.     Lockheed Martin admits that ACM may have been used to insulate piping at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 30.

31.     Lockheed Martin admits that the finished alumina product is a white/silver powder. Lockheed Martin denies the remaining allegations of Paragraph 31.

32.     Lockheed Martin admits that red mud may contain some of the chemicals listed in Paragraph 32.  Lockheed Martin denies the remaining allegations of Paragraph 32.

33.     Lockheed Martin states that the allegations of Paragraph 33 regarding unidentified "[r]esearch" are so vague and ambiguous that Lockheed Martin is unable to formulate a meaningful response and, therefore, denies the same.  Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and, therefore, denies those allegations.

## CAUSE OF ACTION AGAINST LOCKHEED MARTIN
## AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA CORP.

### Count 1 — Negligent Undertaking

34.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 34 asserts legal conclusions to

7

which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 34.

35.    Lockheed Martin denies the allegations of Paragraph 35.

36.    Lockheed Martin denies the allegations of Paragraph 36.

37.    Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin denies the allegations of Paragraph 37.

38.    Lockheed Martin denies the allegations of Paragraph 38.

39.    Lockheed Martin admits that Martin Marietta established general policies and procedures, including some relating to safety.  However, each individual plant had the authority and was expected to establish safety policies and procedures that fit the specific needs of the plant. Lockheed Martin denies the remaining allegations of Paragraph 39.

40.    Lockheed Martin admits that Martin Marietta established general policies and procedures, including some relating to safety.  However, each individual plant had the authority and was expected to establish safety policies and procedures that fit the specific needs of the plant. Lockheed Martin admits that Martin Marietta conducted periodic industrial hygiene surveys at the St. Croix alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 40.

41.    Lockheed Martin states that Material Safety Data Sheets were available for inspection.  Lockheed Martin denies the allegations of Paragraph 41.

42.    Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin denies the allegations of Paragraph 42.

43.    Lockheed Martin denies the allegations of Paragraph 43.

44.     Paragraph 44 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 44.

45.     Lockheed Martin states that Martin Marietta conducted periodic audits and inspections at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 45.

46.     Lockheed Martin denies the allegations of Paragraph 46.

47.     Lockheed Martin denies the allegations of Paragraph 47.

48.     Lockheed Martin denies the allegations of Paragraph 48.

49.     Lockheed Martin admits that Martin Marietta conducted an industrial hygiene survey of some portions of the alumina plant in 1976, which included testing for worker exposure to various airborne particulates.  Lockheed Martin denies the remaining allegations of Paragraph 49.

50.     Lockheed Martin admits that Martin Marietta conducted an industrial hygiene survey of some portions of the alumina plant in 1981, which included testing for worker exposure to various airborne particulates.  Lockheed Martin also admits that the alumina plant purchased air sampling equipment.  Lockheed Martin denies the remaining allegations of Paragraph 50.

51.     Paragraph 51 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 51.

52.     Paragraph 52 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 52.

53.     Paragraph 53 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 53.

**CAUSES OF ACTION AGAINST LOCKHEED MARTIN, AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINUM INC.**

**Count 2 — Premises Liability**

54.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 54 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 54.

55.     Paragraph 55 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin admits that in 1969, Martin Marietta Corporation acquired a majority interest in Harvey Aluminum, Inc., which owned and operated the St. Croix alumina plant and premises.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc.  Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985.  On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc.; however, the contract with Comalco specifically excluded the St. Croix alumina plant.  Martin Marietta Aluminum Properties, Inc. closed the St. Croix alumina plant in May 1985.  Lockheed Martin denies the remaining allegations of Paragraph 55.

56.     Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 56 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 56.

57.     Paragraph 57 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 57.

58.     Paragraph 58 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 58.

59.     Paragraph 59 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 59.

60.     Lockheed Martin denies the allegations of Paragraph 60.

61.     Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 61 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 61.

62.     Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 62 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 62.

63.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin further admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and

11

government regulations in effect at the time.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 and, therefore, denies those allegations.

64. Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 64 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 64.

65. Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 65.

66. Paragraph 66 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 66.

67. Paragraph 67 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 67.

## Count 3 – Chattel Known to be Dangerous for Intended Use

68. Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 68 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 68.

## Count 3(a) — Bauxite as Chattel

69. Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc.

handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc. Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 69.

70. Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the allegations of Paragraph 70.

71. Paragraph 71 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 71.

72. Paragraph 72 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 72.

## Count 3(b) — Refinery Machinery & Equipment as Chattel

73. Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and, therefore, denies those allegations.

74. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities

was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 74.

75.     Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 75.

76.     Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. The remaining allegations of Paragraph 76 assert legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 76.

77.     Paragraph 77 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 77.

**Count 3(c) – Heavy Equipment as Chattel**

78.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of Paragraph 78 and, therefore, denies those allegations.

79.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 79.

80.    Lockheed Martin denies the allegations of Paragraph 80.

81.    Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  The remaining allegations of Paragraph 81 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 81.

82.    Paragraph 82 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 82.

**Count 4 — Chattel Unlikely to be Made Safe for Use**

83.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 83 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 83.

## Count 4(a) — Bauxite as Chattel

84.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.

85.     Lockheed Martin is aware and informed that the alumina plant had Material Safety Data Sheets that were available for inspection.  Lockheed Martin denies the allegations of Paragraph 85.

86.     Lockheed Martin denies the allegations of Paragraph 86.

87.     Paragraph 87 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 87.

## Count 4(b) — Refinery Appurtenances as Chattel

88.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 88.

89.     Paragraph 89 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 89.

16

90.     Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 90.

91.     Lockheed Martin denies the allegations of Paragraph 91.

92.     Paragraph 92 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 92.

## Count 5 — Chattel for Use by Person Known to be Incompetent

93.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 93 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 93.

## Count 5(a) — Bauxite as Chattel

94.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.

95.     Paragraph 95 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 95.

96.     Lockheed Martin denies the allegations of Paragraph 96.

17

97.     Paragraph 97 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 97.

## Count 5(b) — Refinery Appurtenances as Chattel

98.     Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 98.

99.     Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 99.

100.    Paragraph 100 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 100.

101.    Lockheed Martin denies the allegations of Paragraph 101.

102.    Paragraph 102 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 102.

## Count 5(c) — Heavy Equipment as Chattel

103.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc.

18

handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 103.

104.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 104.

105.    Paragraph 105 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 105.

106.    Paragraph 106 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 106.

**Count 6 — Chattel Used to Supplier's Business Purpose**

107.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 107 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 107.

108.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. purchased bauxite from a variety of different mining companies during its operation of the alumina plant, including companies in which it held an ownership interest and shipped alumina to other

19

Martin Marietta entities.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108 and, therefore, denies those allegations.

### Count 6(a) — Bauxite as Chattel

109.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of its employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of its employees. Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.  Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 109.

110.    Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  The remaining allegations of Paragraph 110 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 110.

111.    Paragraph 111 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 111.

### Count 6(b) — Refinery Appurtenances as Chattel

112.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc.

handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 112.

113.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 113.

114.    Paragraph 114 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 114.

115.    Paragraph 115 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 115.

## **Count 6(c) – Heavy Equipment as Chattel**

116.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 116.

117.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 117.

118.    Paragraph 118 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 118.

119.    Paragraph 119 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 119.

## CAUSES OF ACTION AGAINST LOCKHEED MARTIN,
## AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINA, INC.

### Count 7 — Premises Liability

120.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

121.    Paragraph 121 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 121.

122.    Paragraph 122 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin admits that in 1969, Martin Marietta Corporation acquired a majority interest in Harvey Aluminum, Inc., which owned and operated the St. Croix alumina plant and premises.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc.  Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985.  On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc.; however, the contract with Comalco

specifically excluded the St. Croix alumina plant. Martin Marietta Aluminum Properties, Inc. closed the St. Croix alumina plant in May 1985.

123.   Lockheed Martin is aware and informed that Martin Marietta Alumina, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin denies the remaining allegations of Paragraph 123.

124.   Paragraph 124 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 124.

125.   Paragraph 125 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 125.

126.   Paragraph 126 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 126.

127.   Paragraph 127 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 127.

128.   Lockheed Martin denies the allegations of Paragraph 128.

129.   Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. The remaining allegations of Paragraph 129 assert legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 129.

130.   Paragraph 130 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 130.

131.   Paragraph 131 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 131.

**CAUSES OF ACTION AGAINST JOHN DOE, INC. AS SUCCESSOR-IN-INTEREST TO
COSMOGONY II, INC. AS SUCCESSOR-IN-INTEREST TO
GENERAL ENGINEERING CORP.**

**Count 8 - Negligence**

132.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  The allegations of Paragraph 132 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 and, therefore, denies those allegations.

133.    The allegations of Paragraph 133 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and, therefore, denies those allegations.

134.    The allegations of Paragraph 134 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and, therefore, denies those allegations.

135.    The allegations of Paragraph 135 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and, therefore, denies those allegations.

136.    The allegations of Paragraph 136 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and, therefore, denies those allegations.

137.    The allegations of Paragraph 137 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 and, therefore, denies those allegations.

138.    The allegations of Paragraph 138 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and, therefore, denies those allegations.

139.    The allegations of Paragraph 139 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and, therefore, denies those allegations.

## NOTICE OF PUNITIVE DAMAGES

140.    Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 140 or any other relief.

141.    Lockheed Martin denies the allegations of Paragraph 141 to the extent the allegations are directed against Lockheed Martin.  To the extent that the allegations of Paragraph 141 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

142.    Lockheed Martin denies the allegations of Paragraph 142 to the extent the allegations are directed against Lockheed Martin.  To the extent that the allegations of Paragraph 142 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin,

Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 142 or any other relief.

## JURY TRIAL DEMANDED

143.    Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 143 or any other relief.

## REQUEST FOR RELIEF

Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in the unnumbered WHEREFORE Paragraph following Paragraph 143 or any other relief. Lockheed Martin denies the remaining allegations in the unnumbered WHEREFORE Paragraph following Paragraph 143 of the Complaint.

## GENERAL DENIAL

To the extent Lockheed Martin has not specifically admitted any allegation in Plaintiff's Complaint, that allegation is denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim against Lockheed Martin upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Workers' Compensation laws of the Virgin Islands.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH DEFENSE**

Plaintiff's claims against Lockheed Martin are barred, in whole or in part, because Plaintiff has failed to join all parties who are necessary and/or indispensable to a just adjudication of this action.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

**SIXTH DEFENSE**

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's claims are barred, in whole or in part, because the conditions alleged to have caused Plaintiff's injuries were both open and obvious.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate his alleged injuries and/or damages.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's conduct or the conduct of others changed, altered, or modified the condition of the product at issue.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or others misused the product at issue.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff used the product at issue in a manner or in an activity contrary to express adequate instructions or warnings

appearing on or attached to the products or on the products' original containers or wrappers, including material safety data sheets.

## ELEVENTH DEFENSE

Plaintiff's claims based on any failure to warn and/or inadequacy of warning are barred, in whole or in part, because at all times pertinent to Plaintiff's claims, Plaintiff possessed or should have possessed good and adequate knowledge which negated the need for any such warning and/or Plaintiff was required to follow specific written safety procedures established by Plaintiff's employers which negated the need or requirement for any such warning.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any products manufactured, sold, or supplied by Lockheed Martin and used by Plaintiff were at all times reasonably fit and suitable for the purposes for which the products were made and sold.

## THIRTEENTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that any injuries and damages allegedly sustained by Plaintiff were caused, in whole or in part, by Plaintiff's or by other persons' contributory or comparative negligence, fault, responsibility, or causation, and want of due care.  Such negligence or fault of Plaintiff and/or of such others persons were greater in proportion to the negligence or fault of the Defendants, if any.  The contributory or comparative fault of Plaintiff and other persons outside the control of Lockheed Martin is a complete bar to any recovery against Lockheed Martin.  Alternatively, Lockheed Martin is entitled to a deduction of damages based upon the percentage of Plaintiff's and/or other persons' negligence or fault.

## FOURTEENTH DEFENSE

28

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's alleged injuries or damages resulted solely from the acts or omissions of persons or entities for which Lockheed Martin is neither liable nor responsible.  Such acts or omissions on the part of others constitute an independent and intervening proximate cause of such injuries or damages.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Lockheed Martin's products, including their design, manufacture, packaging, warnings, and instructions, were at all times consistent with industry customs, applicable government safety standards, and available technological, scientific, medical, and industrial state of the art when they left Lockheed Martin's control.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present, and/or future medical expenses.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, release, and accord and satisfaction.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate the Excessive Fines Clause and Due Process Clause in the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against Lockheed Martin.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages would violate Lockheed Martin's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the United States and the Virgin Islands. Moreover, the foregoing considerations, and considerations of due process, comity, and state sovereignty, bar any attempts to punish Lockheed Martin, except to the extent the alleged conduct had a direct impact in this Territory and a direct nexus to the specific harm suffered by this Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because an award of punitive damages would violate Lockheed Martin's procedural and substantive due process rights and equal protection rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. In particular, any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case, because said law, among other things, (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive award; (2) may unconstitutionally permit jury consideration of the Defendants' net worth; (3) is

30

void for vagueness in that it failed to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions; (4) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award; (5) lacks constitutionally sufficient standards for appellate review of a punitive award; (6) may impose punitive damages simply for lawfully selling a legal product; and (7) otherwise fails to satisfy the constitutional requirements set forth in, among others, *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993), and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).

### TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages jointly and severally against some or all of the Defendants without apportionment among them based on the enormity of their misconduct would violate Lockheed Martin's rights to equal protection and due process under the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the United States and the Virgin Islands.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages is barred by due process under the United States Constitution to the extent Plaintiff seeks to impose punishment for harm allegedly caused to non-parties.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Lockheed Martin cannot be held liable to Plaintiff on the basis of joint and several liability for the fault or illegal conduct attributable to any other defendant.

### TWENTY-SIXTH DEFENSE

This Court lacks jurisdiction over the person and/or property of Lockheed Martin. Accordingly, this action should be dismissed as to Lockheed Martin.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims against Lockheed Martin are speculative and do not warrant recovery.

### TWENTY-EIGHTH DEFENSE

Any product manufactured, sold, or supplied by Lockheed Martin was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

### TWENTY-NINTH DEFENSE

If Plaintiff sustained any injury or damage, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on Plaintiff's job sites, other than those manufactured or sold by Lockheed Martin, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

### THIRTIETH DEFENSE

To the extent that Plaintiff has filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are preempted by the regulations of the Occupational Safety and Health Administration and other applicable federal laws.

### THIRTY-SECOND DEFENSE

To the extent that Plaintiff was exposed to any product which was acquired from, sold by, or used on behalf of the United States of America or any state or political subdivision thereof,

Lockheed Martin is entitled to any sovereign or governmental immunity available to the United States or any such state or political subdivision.

### THIRTY-THIRD DEFENSE

No duty to warn or notify Plaintiff of any danger from exposure to Lockheed Martin's products has ever arisen; nevertheless, any delay by Lockheed Martin in notifying or warning Plaintiff of such danger which allegedly was required (and Lockheed Martin denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of Plaintiff against Lockheed Martin.  Before the time any alleged duty to notify or warn could have arisen as to Lockheed Martin, Plaintiff was exposed to substances from other sources sufficient to cause Plaintiff's alleged condition, and notification or warning thereafter is of no value.  There is, therefore, no causal relationship between any delay in notification or warning Plaintiff and his subsequent alleged condition.

### THIRTY-FOURTH DEFENSE

The injuries, if any, for which Plaintiff seeks recovery resulted from Plaintiff's pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by Lockheed Martin.  All injuries and damages alleged by Plaintiff, if any, were proximately contributed to by Plaintiff's pre-existing injuries and conditions.

### THIRTY-FIFTH DEFENSE

The Complaint should be dismissed based on misjoinder of parties and/or claims.

### THIRTY-SIXTH DEFENSE

Lockheed Martin reserves the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert those defenses.

### THIRTY-SEVENTH DEFENSE

33

Lockheed Martin hereby adopts the affirmative defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with Lockheed Martin's assertion that it is not liable to Plaintiff for any amount whatsoever.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the sophisticated user defense because Plaintiff possessed or should have possessed knowledge negating the need for any warning and/or Plaintiff was required to follow specific written safety procedures established by Plaintiff's employers that negated the need or requirement for any such warning.

### THIRTY-NINTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's claims are barred, in whole or in part, because Plaintiff knew or should have known about any risks associated with the chattel allegedly at issue.

### FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff used the chattel at issue despite his incompetence to do so or carelessly used the chattel at issue.  The contributory or comparative fault of Plaintiff and other persons outside the control of Lockheed Martin is a complete bar to any recovery against Lockheed Martin.  Alternatively, Lockheed Martin is entitled to a deduction of damages based upon the percentage of Plaintiff's and/or other persons' negligence or fault.

### FORTY-FIRST DEFENSE

If Plaintiff sustained any injuries or illness as a result of exposure to any silica contained in bauxite sold or supplied by Martin Marietta Aluminum, Inc., such injuries were proximately caused by the acts or omissions of Plaintiff's employers or of the owner and operators of the alumina plant, all of whom were sophisticated purchasers and knowledgeable intermediaries, in failing to take

34

adequate precautions, failing to provide Plaintiff with a safe work place, and failing to warn Plaintiff of any health hazards that may have been associated with exposure to silica dust.

## **DEMAND FOR JURY TRIAL**

Lockheed Martin demands a trial by jury on all issues so triable.

Date: July 17, 2023                                    Respectfully Submitted,

*/s/ Kevin A. Rames, Esq.*

Kevin A. Rames, Esq.
V.I. Bar Number 193
Semaj I. Johnson, Esq.
V.I. Bar Number 1151
K.A. Rames, P.C.
2111 Company Street, Suite 3
Christiansted, VI 00820
Telephone: (340) 773-7284
Facsimile: (340) 773-7282
kevin.rames@rameslaw.com
semaj.johnson@rameslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to all counsel of record and caused a copy of this document to be served upon the following via email:

Korey A. Nelson, Esq.
H. Rick Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Tel. (5040 799-2845
knelson@burnscharest.com
ryelton@burnscharest.com

Warren T. Burns, Esq.
Daniel H. Charest, Esq.
BURNS CHAREST LLP
900 Jackson Street, Ste. 500
Dallas, TX 75202
Tel. (469) 904-4550
wburns@burnscharest.com
dcharest@burnscharest.com

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 890
St. Thomas, USVI 00804
Telephone: (340) 777-7283
pate@sunlawvi.com

*/s/ Kevin A. Rames, Esq.*
Kevin A. Rames, Esq

36